## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

FILED BY ___ D.C.

05 NOV 23 AM 8: 07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**UNITED STATES OF AMERICA**

-v-                                     04-20388-01-Ma

**JAMES C. MOORE**

Michael E. Scholl, CJA
**Defense Attorney**
**8 S. Third Street, 4th Floor**
**Memphis, Tennessee  38103**

---

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1 and 13 of the Indictment on November 18, 2004. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 02/17/2004 | 1 |
| 18 U.S.C. § 1343 | Wire fraud | 01/28/2004 | 13 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

**Counts 2 through 12 and Counts 14 through 20 are dismissed on the motion of the United States.**

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.
Defendant's Date of Birth:     01/19/1965
Deft's U.S. Marshal No.:        19889-076

Date of Imposition of Sentence:
November 17, 2005

Defendant's Residence Address:
Cordova, TN 38016

---

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

November_____**22**____, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _11-28-05_

103

Case No: 04-20388-01-Ma
Defendant Name: James C. Moore

# PROBATION

The defendant is hereby placed on probation for a term of **three (3) years**.

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, destructive device, or dangerous weapons. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such file or restitution.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten (10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

Case No: 04-20388-01-Ma
Defendant Name: James C. Moore

11.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13.     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1.     The defendant shall participate in the Home Detention program for a period of **eight (8) months**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the Defendant's Probation Officer.   **The defendant shall be allowed to travel outside the Western District of Tennessee for employment purposes.**   Defendant will be subject to the standard conditions of Home Detention adopted for use in the Western District of Tennessee, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer.

2.     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

3.     The defendant shall provide the Probation Officer access to any requested financial information.

4.     The defendant shall pay restitution in regular monthly installments of not less than 10% of gross monthly income.

5.     The defendant shall notify the U.S. Attorney and Court of any material change in economic circumstances that may affect defendant's ability to pay restitution.

6.     The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Case No: 04-20388-01-Ma
Defendant Name: James C. Moore

Page 4 of 4

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. **The interest requirement is waived.** All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | | $23,919.39 |

The Special Assessment shall be due immediately.

## FINE
No fine imposed.

## RESTITUTION

Restitution in the amount of **$23,919.39** is hereby ordered. **This amount shall be paid jointly and severally with co-defendants Harold L. Yancy and Jerry B. Rodgers.** The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Dobbs Pontiac GMC | $23,919.39 | $23,919.39 | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above. **Any off-set shall be credited to the defendant's restitution obligation.**

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 103 in case 2:04-CR-20388 was distributed by fax, mail, or direct printing on November 28, 2005 to the parties listed.

---

Michael Edwin Scholl
THE SCHOLL LAW FIRM
8 S. Third St.
Fourth Floor
Memphis, TN 38103--238

William C. Anderson
ANDERSON LAW FIRM
369 N. Main St.
Memphis, TN 38103

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Samuel L. Perkins
SL PERKINS LAW GROUP, PLLC
147 Jefferson Ave.
Ste. 804
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT